IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| DANIEL GILJEN, | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) Case No. 11 5581 |
|  | ) |
| THOMAS DART, as Sheriff of Cook County, | ) Judge Virginia M. Kendall |
| and Cook County, Illinois, | ) |
|  | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniel Giljen ("Giljen" or "Plaintiff"), on behalf of himself and others similarly situated, brought this action against Defendant Thomas Dart, in his official capacity as Sheriff of Cook County ("Sheriff Dart"), and against Cook County, Illinois. Giljen alleges that Sheriff Dart violated his civil right to due process and possession of property pursuant to 42 U.S.C. § 1983, and willfully violated the bankruptcy stay in violation of 11 U.S.C. § 362 when he evicted Giljen from the apartment he was occupying on March 29, 2011. Because Giljen's suit against Sheriff Dart is a suit against a state officer, it is barred by the Eleventh Amendment and this case is dismissed.

**Facts**

The following facts are taken from Giljen's Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Killingsworth v. HSBC Bank,* 507 F.3d 614, 618 (7th Cir. 2007).

On or about April 10, 2010, Giljen entered into a written lease agreement with Debenev Miatcheslav ("Miatcheslav") for an apartment located at 300 North State Street, Chicago Illinois. On June 22, 2010, approximately two months after Giljen's lease began, Miatcheslav filed an eviction lawsuit against Giljen, seeking both rent and possession of the property.

Five months later, on November 22, 2010, Giljen filed a voluntary petition for Chapter 7 bankruptcy and subsequently notified Miatcheslav's counsel of the filing. On December 15, 2010, Miatcheslav moved for judgment in the pending eviction case. The eviction court entered a judgment in favor of Miatcheslav, purportedly entitling him to possession of the property. In December 2010, Miatcheslav retained Sheriff Dart to execute the eviction order. On March 29, 2011, employees of Sheriff Dart executed the order and evicted Giljen from the apartment.

On August 16, 2011, Giljen filed this Section 1983 action against Sheriff Dart, in his official capacity, claiming that Sheriff Dart's participation in the forcible eviction deprived Giljen of his property without due process of law in violation of the Fourth and Fourteenth Amendments. The complaint alleges that Sheriff Dart "knew or should have known that he was acting in contravention of [Giljen's] statutory and Constitutional rights" and that Sheriff Dart "had an affirmative duty to verify the pendency and legitimacy of the eviction orders to the property to determine if the eviction can proceed."

Giljen further alleges that Sheriff Dart's employees unlawfully evicted him "in direct violation of a valid binding bankruptcy stay" despite having actual or constructive knowledge that the orders of possession where void as the result of bankruptcy stays. The Complaint asserts that Sheriff Dart and his agents "had an affirmative duty to verify that no bankruptcy stays were in

place" prior to executing the order of possession but that Sheriff Dart "never promulgated a policy to prevent invalid eviction orders from being executed."

Giljen brings this action on behalf of himself and two classes of similarly situated persons pursuant to Federal Rule of Civil Procedure 23(a). Class A consists of all individuals in Cook County, Illinois who have been evicted by Sheriff Dart pursuant to void, vacated, or stayed orders of possession from July 27, 2010 through the present. Class B consists of individuals in Cook County who have been evicted by Sheriff Dart pursuant to orders of possession that are void as a result of a bankruptcy stay from July 27, 2010 to present.

Sheriff Dart moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1). In support of his Motion, Sheriff Dart claims that Giljen's suit is an action against the State of Illinois that is barred by the Eleventh Amendment, because Sherriff Dart was acting as a state officer when he carried out the eviction order issued by a state court.

**Standard of Review**

When considering a motion to dismiss under Rule 12(b)(6) and 12(b)(1), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *See Killingsworth*, 507 F.3d at 618; *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir.1993). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true… 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To determine

3

whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. If the factual allegations are well-pleaded, the Court assumes their veracity and then proceeds to determine whether they plausibly give rise to an entitlement to relief. *Id* at 679. A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. See *id.* at 678.

**Discussion**

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Seventh Circuit has interpreted the Eleventh Amendment to "bar federal courts from exercising jurisdiction over actions against a state brought by her own citizens." *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir.1992), citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Accordingly, Eleventh Amendment issues arise when a private citizen files a federal lawsuit against a state, state agency, or, as here, a state official.

Civil actions against state officials are sometimes permissible; for example, the Eleventh Amendment does not bar suits against state officials in their personal capacity. *Scott*, 975 F.2d at 369 (noting that damage awards in such suits are limited to the official's personal assets), citing *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Kroll v. Board of Trustees of University of Illinois*, 934 F.2d 904, 907 (7th Cir.1991)). Suit against a state official in his official capacity, on the other hand, is a suit against the official's office and is no different than a suit against the state itself. *Will v.*

*Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Unless the state has consented to suit in federal court or Congress has exercised its powers under the Fourteenth Amendment to abrogate the state's Eleventh Amendment immunity, the Eleventh Amendment bars suits against state officials acting in their official capacity. *Scott*, 975 F.2d at 369 (citing *Graham*, 473 U.S. at 169).

Giljen sues Sheriff Dart "solely in his capacity as Sheriff of Cook County," for compensatory and punitive damages. In Illinois, some of the Sheriff's functions are carried out in his capacity as a county official while others are carried out in his capacity as an agent of the state. *Scott*, 975 F.2d at 371 (discussing classification of Illinois sheriff as county official verus state official).[1] If Sheriff Dart was acting as an agent of the State of Illinois when he evicted Giljen this action is barred by the Eleventh Amendment and therefore may not be brought in federal court. *Richman v. Sheahan*, 270 F.3d 439 (7th Cir. 2001) (claim for damages against a county sheriff acting as an "arm of the state" may not be brought in federal court). However, that bar "does not extend to counties and similar municipal corporations." *Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 280 (1997). Thus, this action can proceed if Sherriff Dart was acting as a county official.

---

[1] The Seventh Circuit has consistently relied upon *Scott* and has recently reiterated its holding that an Illinois Sheriff can be a state actor. *See Mercado v. Dart*, 604 F.3d 360, 366 (7thCir. 2010), discussing *Scott*, 975 F.2d 366 ("A sheriff in Illinois may perform some tasks on behalf of the state"); *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001) ("A county sheriff may act as an arm of the state when performing certain functions.") Likewise, other courts in the Northern District have relied recently upon *Scott* for the authority that the sheriff is a state actor when executing eviction orders. *See, e.g., Brown v. Koeller*, 2011 WL 4501384 (N.D.Ill. Sept. 28, 2011) (citing *Scott* to establish that a county sheriff "acts as an arm of the Illinois state judicial system in executing" state court orders); *SKS & Associates, Inc. v. Dart*, 650 F.Supp.2d 835 (N.D.Ill 2009) (the execution of judicial eviction orders "unquestionably" falls within the sheriff's state agent function).

When Sheriff Dart "performs his duties as the principle executive officer or chief law enforcement officer of the county" he acts as an official of Cook County and is not protected by the Eleventh Amendment. *Scott*, 975 F.2d at 371. But when executing court orders, such as the judicial eviction orders at issue here, Sheriff Dart "acts as an arm of the Illinois state judicial system" and must be deemed a state official for purposes of the Eleventh Amendment. *Scott*, 975 F.2d at 371; *Richman*, 270 F.3d at 439 (when the sheriff has "a statutory, non-discretionary duty" to execute a state court order, he acts as a state officer); *accord SKS & Associates, Inc. v. Dart*, 650 F.Supp.2d 835, 836 (N.D. Ill. 2009) (finding county sheriff in Illinois entitled to Eleventh Amendment immunity when following a court order regarding the conditions of residential evictions). Sheriff Dart was executing an Illinois Circuit Court order when he evicted Giljen from his property; as such, he was acting as a state official and may claim the protection of the Eleventh Amendment.

Plaintiff misconstrues the Illinois Court of Claims case *Alencastro v. Sheahan*, 54 Ill. Ct. Cl. 457 (2001) ("*Alencastro II*").[2] *Alencastro II* addresses Illinois sovereign immunity, not Eleventh Amendment sovereign immunity. Sheriff Dart's status as a state actor for purposes of federal liability is distinct from his potential liability under the laws of Illinois. The Court of Claims of Illinois has exclusive jurisdiction over claims against the State of Illinois and is free to determine liability according to the laws of that jurisdiction. In *Alencastro II*, the Court of Claims

---

[2] Indeed, Plaintiff flatly mischaracterizes the portion of *Alencastro II* that references the parties' briefing that led to the *Alencastro II* decision. Plaintiff's Response to the Motion to Dismiss purports to quote *Alencastro II* for a contention made in that court by the Sheriff. The quote in Plaintiff's Response is incorrect. The *Alencastro II* court quotes the State of Illinois's brief - a crucial distinction, as *Alencastro II* was briefed by the State of Illinois as the party in interest, not by the Sheriff, a point that the *Alencastro II* court explains a few paragraphs after the portion misquoted by Plaintiff. The Court will assume that Plaintiff merely misread *Alencastro II* in assuming that the Sheriff and the State were the same party.

acknowledged the sheriff's *federal* status as "an agent of the circuit court" when executing eviction orders, *Alencastro II*, 54 Ill. Ct. Cl. at 467, as did its predecessor case in the Illinois Court of Appeals. *Alencastro v. Sheahan*, 297 Ill. App. 3d 478 (1998) ("*Alencastro I*"). *Alencastro II* corrected *Alencastro I*'s jurisdiction error with respect to suit against the State of Illinois (not against the sheriff), and clarified that the sheriff's status as an agent of the state under *federal* law does not necessarily or automatically trigger *respondeat superior* liability or sovereign immunity under *Illinois* law. This determination is not relevant to the issue before this Court, and in no way affects the sheriff's federal status as an agent of the State of Illinois when executing eviction orders for purposes of Eleventh Amendment immunity, which remains unchanged under *Scott* and its progeny.

Finally, Plaintiff unsuccessfully attempts to fit his suit into the narrow confines of the holding of *Ruehman v. Sheahan*, 34 F.3d 524 (7th Cir.1994), by claiming that his suit concerns not the act of executing an eviction order, but rather Sheriff Dart's execution *process* - a process, claims Plaintiff, that fails to affirmatively check the docket of the Bankruptcy Courts to see if an evictee had filed bankruptcy prior to executing a court order. In *Ruehman*, the Seventh Circuit drew a distinction between the actual execution of warrants - a state official action of the sheriff's office and thereby shielded from suit by the Eleventh Amendment per the Seventh Circuit's holding in *Scott* - and the implementation of a warrant tracking system that resulted in the execution of invalid or quashed warrants. Since the implementation and design of the warrant tracking system was a discretionary act of the County Sheriff's Office and not controlled or directed by the state, the Seventh Circuit found the Sheriff's Office was not acting as an agent of the state in

7

implementing the system, and therefore could not avail itself of Eleventh Amendment protection. *Id.* at 529.

If anything, *Ruehman* highlights the major deficiency in Giljen's claim. The plaintiff in *Ruehman* had been falsely arrested on a warrant that had been quashed by the state court but had not been properly tracked in the Sheriff's system. But Giljen makes no allegation that the state court that had entered the eviction order subsequently stayed or quashed it. Therefore, the eviction order was still a valid order from the Circuit Court at the time Sheriff Dart executed it. Sheriff Dart's job, set by state statute, is to execute valid state court orders. 55 ILCS 5/3-6019. Failure to execute a validly issued judgment opens the Sheriff to contempt of court and claims for damages. 55 ILCS 5/3-6020. It is not this Court's place to opine as to whether the underlying eviction case against Giljen *should* have been stayed by Giljen's filing for bankruptcy[3] and therefore precluded the issuance of the eviction order in the first place (or resulted in a subsequent stay or reversal of the order), but for purposes of Giljen's action it is irrelevant regarding Sheriff Dart. Sheriff Dart's job is to execute valid state court orders, and in this case, he did so.

---

[3]The Court notes that Giljen's Complaint alleges that Sheriff Dart wilfully violated of the bankruptcy stay pursuant to 11 U.S.C. 362(h). Willful violations of bankruptcy stays are governed by § 362(k), not (h). In fact, § 362(h) terminates the automatic stay as to certain personal property in cases in which a Chapter 7 debtor either fails to indicate, or indicates intention not to, assume an unexpired lease. While this Court is unaware of the facts and circumstances of the underlying eviction litigation against Giljen because the Complaint is silent with respect to them, Plaintiff's error in naming the proper statute for suit in this Court only serves to highlight that Giljen has failed to plead that he was entitled to automatic stay protection in the first place.

Sheriff Dart was executing his duties as a state agent when he executed the court order against Giljen and is thus entitled to immunity pursuant to the Eleventh Amendment. Accordingly, the Court grants Sheriff Dart's Motion to Dismiss.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: April 17, 2012